Ping CHEN, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 12–70355.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Sept. 24, 2013.*

Filed Sept. 30, 2013.

David Z. Su, Esquire, Law Offices of David Z. Su, West Covina, CA, for Petitioner.

Joseph D. Hardy, Jr., Esquire, Trial, OIL, Remi Da Rocha–Afodu, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Ping Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder,* 590 F.3d 1034, 1039 (9th Cir.2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on the inconsistencies in Chen's testimony

and application about the presence of the house church pastor on the day petitioner was allegedly arrested, and based on the fact that both his asylum application and his father's letter omitted the fact that his parents were allegedly forced to pay a significant fine. *See id.* at 1047 (agency's adverse credibility determination was reasonable under the "totality of the circumstances"); *see also Zamanov v. Holder,* 649 F.3d 969, 974 (9th Cir.2011) (BIA not compelled to accept petitioner's explanations for inconsistencies). In the absence of credible testimony, Chen's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

